UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2020 JAN -7 PM 4: 26

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LISA ANN RAINES, )<br>)<br>Defendant. ) | Cause No.<br><br>1:20-cr-0007 JPH -DML |

## INDICTMENT

The Grand Jury charges that:

Count One
(Wire Fraud)
(Title 18, United States Code, Section 1343)

Background

At times material to this Indictment:

1. Seven Corners, Inc. (Seven Corners) was a travel insurance business located in Hamilton County, Indiana, in the Southern District of Indiana.

2. Seven Corners had business bank accounts with Wells Fargo Bank, N.A (Wells Fargo). Payment of the claims relevant to this Indictment were made from these accounts.

3. LISA ANN RAINES, defendant herein, was employed by Seven Corners as a Senior Finance Technician from March 2006 until November 2016. RAINES' primary role during her employment at Seven Corners was claims funding, wherein she was responsible for submitting batch payments for claims and releasing checks and automated clearing house ("ACH") payments for disbursements. As part of her duties, RAINES had access to Seven Corners' bank accounts.

<u>Scheme and Artifice</u>

4. RAINES devised and executed a scheme or artifice to defraud, and obtain money by false or fraudulent pretenses, in that RAINES would embezzle money belonging to Seven Corners for her own benefit.

5. As part of the scheme and artifice, RAINES used her access to the Seven Corners computer system to create a fake vendor, L & B Tape, Co. RAINES also opened a bank account in the name of L & B Tape, Co. for the purposes of receiving the embezzled funds.

6. As further part of the scheme and artifice, RAINES would use her position to cause payments to be made to L & B Tape, Co. from Seven Corners' accounts. From on or about July 2009 through November 2016, RAINES caused sixty-five (65) payments from Seven Corners' Wells Fargo accounts to the L & B business account held by RAINES. These fraudulent payments resulted in a loss of approximately $2,129,689.86.

7. In furtherance of the scheme and artifice, on or about November 2, 2015, RAINES caused an interstate electronic signal to be sent from Indiana to California.

8. All of which is in violation of Title 18, United States Code, Section 1343.

**FORFEITURE**

9. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Section 981(a)(1)(C), incorporating Title 18, United States Code, Section 1961(1)(B), and pursuant to Title 28, Untied States Code, Section 2461(c) as part of any sentence imposed.

10. Pursuant to Title 18, United States Code, Section 981 (a)(1)(C), if convicted of the offense set forth in Count One of this Indictment, the defendant shall forfeit to the United States:

a. Any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; or

b. A sum of money equal to the total amount of the proceeds of the offense.

The property subject to forfeiture includes, but is not limited to:

a. Cash/Currency in the amount of $89,705.86 in lieu of real property located at 732 and 736 South Main Street, Lapel, Indiana 46051;

b. One 2015 Toyota Tundra VIN# 5TFDW5F1XFX457475, registered to John Calvin Harville, Jr.;

c. Real Property, located at 15 North Creedmoor Way, Anderson, Indiana 46011, Parcel Numbers : 48-11-09-200-095.000-003;48-11-09-200-094.000-003; and 48-11-09-200-096.000-003;

d. $8,205.70 U.S. currency seized from a suitcase belonging to Lisa Raines, located at Betty Wallace's (Raines' sister) residence, 1135 North Madison Avenue, Anderson, Indiana 46011, on December 21, 2019.

e. One 2017 Lowe Pontoon Boat SF Series SF212(*), HIN: LWC06544C717, registered to John Calvin Harville, Jr.;

f. One 2017 Karavan Pontoon Trailer, Model: LTPB-1820-DB10-35, VIN# 5KTPS2522HF553931, registered to John Calvin Harville, Jr.

11. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

3

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL:

███████████████

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Bradley P. Shepard
Assistant United States Attorney

By: _____
James M. Warden
Assistant United States Attorney