UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-7-JPH-KMB-1 |
| | ) | |
| LISA ANN RAINES, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING MOTION FOR COMPASSIONATE RELEASE**

Defendant Lisa Ann Raines has filed two motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 80, 91. For the reasons explained below, her motion for compassionate release is **GRANTED**.

## I. Background

In July 2023, Ms. Raines pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Dkt. 71 at 1. Between March 2006 and November 2016, Ms. Raines was employed as a Senior Finance Technician by Seven Corners, Inc., a privately held international travel insurance and specialty benefit management company headquartered in Carmel, Indiana. Dkt. 48 at 9. During her employment, Ms. Raines caused Seven Corners to make sixty-five payments totaling over $2,000,000 to a phony business vendor that she had set up for the purpose of defrauding Seven Corners. *Id.* at 10. These payments were received by a bank account that Ms. Raines had opened and controlled for the purpose of perpetrating fraud on Seven Corners.  She used the proceeds of

her fraudulent scheme to fund a lavish lifestyle, purchasing, for example, a boat, a car, and a house. Dkt. 67.

The Court sentenced Ms. Raines to 57 months of imprisonment to be followed by 3 years of supervised release. Dkt. 71 at 2–3. The Bureau of Prisons ("BOP") currently reports Ms. Raines's anticipated release date (with good-conduct time included) as February 2, 2027. https://www.bop.gov/inmateloc/ (last visited August 13, 2024).

Ms. Raines has filed two motions for compassionate release *pro se*. Dkt. 80, 91. In Ms. Raines's original motion for compassionate release, she requested release due to her medical conditions, which she claimed included early signs of cancer. Dkt. 80. Ms. Raines later filed an amended motion, dkt. 91, and a supplemental reply which included medical records showing that she has since been diagnosed with Stage IV renal cancer, dkt. 105-1 at 2. Medical records indicate that certain treatments may extend her lifespan but it's "difficult to predict" how long she has to live. Dkt. 105-1 at 3. The Government opposes Ms. Raines's motions. Dkt. 99.

## II.   Discussion

Generally speaking, sentences imposed in federal criminal cases are final and are not subject to after the fact modifications. 18 U.S.C. § 3582(c). An exception to this rule permits a court to reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" warranting a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit

2

permits district courts broad discretion in determining what constitutes "extraordinary and compelling reasons" under that statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court is directed to "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances which qualify as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

### A. Extraordinary and Compelling Reasons for Release

Ms. Raines argued in her first motion for compassionate release that her medical conditions, including early cancer signs, constituted extraordinary and compelling reasons for release. The Government opposed compassionate release on the grounds that the possibility of cancer, while unconfirmed, did not amount to an extraordinary and compelling reason for release. Dkt. 81 at 9.

Ms. Raines then filed an amended motion and supplemental reply showing that she had been diagnosed with Stage IV renal cancer. Dkt. 91; dkt. 105. She also submitted medical records showing that she "can respond quite well to [treatment] and live several years but it's difficult to predict that at this time." *Id.* at 3. Ms. Raines states in her written submissions that her condition

3

quickly worsened due to delays in medical treatment. Dkt. 105. Ms. Raines' supplemental reply also details other medical conditions related to cancer that she has recently experienced. Dkt. 105 (detailing spread and growth of cancer throughout her body and that she has experienced persistent and serious nose-bleeds and suffered a stroke). The government concedes that Ms. Raines' cancer is a serious condition with a 20.8% five-year survival rate and does not contest the other symptoms and conditions that she outlines in her written submissions. The government continues to oppose her early release, arguing that her condition is well controlled by the BOP and is therefore not rare or extraordinary. Dkt. 99 at 2–3.

United States Sentencing Guidelines § 1B1.13(b)(1)(A) permits a Court to find extraordinary and compelling reasons for release exist where:

> [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

Here, Ms. Raines has shown that her cancer is terminal under the Guidelines—it has metastasized, has a low survival rate, and has an end-of-life trajectory. *See* dkt. 105-1. In this context, that's sufficient for the Court to find extraordinary and compelling reasons for release. Ms. Raines is not required to show that the BOP is not providing adequate medical care. The Court makes no findings and does not express any view as to the sufficiency of the care that Ms. Raines has received from the BOP. The Court concludes that Ms. Raines

4

has established that an extraordinary and compelling reason exists for her release under § 1B1.13(b)(1)(A).

### B. Danger to any Other Person or the Community

The Sentencing Guidelines specify that compassionate release is appropriate only when the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Section 3142(g), which sets out the factors the court must consider in determining whether a defendant should be detained pending trial, guides the court's release determination under post-incarceration circumstances as well:

> **(g) Factors to be considered**.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including—
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

5

18 U.S.C. § 3142(g).

In considering these factors, the Court notes that Ms. Raines's offense conduct was serious and continued over an extended period of time, showing a high level of culpability. Also, her offense conduct caused significant financial loss to her employer. Additional aggravating circumstances surrounding her offense conduct include her having absconded and obstructed justice. While there are aggravating circumstances related to the offense conduct, Ms. Raines has no prior criminal history. Moreover, her limited lifespan, deteriorated health condition, and the ongoing treatments that she will receive make it unlikely that she will engage in future criminal activity. The Court finds that Ms. Raines's release from incarceration to a term of supervised release will not pose a significant threat to the safety of any person or the public.

### C. Section 3553(a) Factors

Finally, the Court must consider whether the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of release. Section 3553(a) provides:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and

6

>>**(D)** to provide the defendant with needed educational
>>or vocational training, medical care, or other
>>correctional treatment in the most effective manner;
>
>**(3)** the kinds of sentences available;
>**(4)** the kinds of sentence[s] and the sentencing range
>established for—
>>**(A)** the applicable category of offense committed by the
>>applicable category of defendant as set forth in the
>>guidelines [issued by the Sentencing Commission . . .
>>;]
>
>**(5)** any pertinent policy statement guidelines [issued by the
>Sentencing Commission . . . ;]
>**(6)** the need to avoid unwarranted sentence disparities
>among defendants with similar records who have been found
>guilty of similar conduct; and
>**(7)** the need to provide restitution to any victims of the
>offense.

18 U.S.C. § 3553(a).

The primary considerations weighing against Ms. Raines's release are that her criminal conduct was very serious and she has served just 12 months of her 57-month sentence. The length of imprisonment she has served is very short compared to the seriousness of the offense, the need to promote respect for the law, and the need to punish Ms. Raines.  On the other hand, her offense was not violent and she has no criminal history prior to this offense. Dkt. 53 at 8. Also as noted above, Ms. Raines suffers from a litany of serious medical conditions with no end in sight and likely has a relatively short amount of time left to live, much of which will be spent enduring treatments and suffering the effects of her physical maladies.  She is unlikely to resume any criminal activity.

So, weighing all the 3553(a) factors as the Court must, the scales tip in favor of granting Ms. Raines's motion for compassionate release.  Accordingly,

the Court holds that the § 3553(a) factors justify a reduction of Ms. Raines's sentence to time served.

Ms. Raines will therefore immediately begin her 3-year term of supervised release. Under the § 3553(a) factors, including the severe nature and circumstances of the offense, the Court intends to impose the following two additional conditions of supervised release:

> You shall be monitored by Radio Frequency for a period of 18 months, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities pre-approved by the probation officer.

and

> You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: location monitoring. The probation officer shall determine your ability to pay and any schedule of payment.

The Court requests that the United States Probation Office meet with Ms. Raines and file a status update with the Court regarding whether she will waive a hearing and consent to these modifications of her supervised release conditions. *See* Fed. R. Cr. P. 32.1(c). If she does not do so, the Court will schedule a modification hearing.

### III.   Conclusion

Pursuant to 18 U.S.C. § 3582(c), the Court concludes that extraordinary and compelling reasons warrant a reduction of Ms. Raines's sentence of imprisonment to time served, that her release does not pose a danger to any other person or the community, and that the § 3553(a) factors weigh in favor of

a reduction. The Court further finds that a sentence reduction is consistent with the Sentencing Commission's policy statements. Ms. Raines's motions for compassionate release, dkts. [80], [91], are **GRANTED**. Ms. Raines's sentence of imprisonment is reduced to **time served**. Ms. Raines's motion to reduce her sentence under Amendment 821 is **denied without prejudice as moot**. Dkt. [84].

All previously imposed conditions of supervised release remain with the following two conditions proposed:

> You shall be monitored by Radio Frequency for a period of 18 months, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities pre-approved by the probation officer.

and

> You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: location monitoring. The probation officer shall determine your ability to pay and any schedule of payment.

This Order is stayed for up to 14 days from the date of this Order, to make appropriate travel arrangements and to ensure Ms. Raines's safe release. The BOP shall release Ms. Raines as soon as appropriate travel arrangements are made and it is safe for Ms. Raines to travel. There must be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and to ensure Ms. Raines's safe release, the parties shall immediately notify the court and show cause why the stay should be extended. No later than 12:00 p.m. on August 16, 2024, counsel for

the United States is ordered to do the following: (1) transmit the contemporaneously filed AO248 Order to Ms. Raines's custodian; and (2) file a notice with the court confirming that transmission of the AO248 Order has occurred.

The United States Probation Office shall file a status update with the Court regarding the modification of the supervised release terms promptly once Ms. Raines's supervision begins.

**SO ORDERED.**

Date: 8/15/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Lisa Ann Raines
Register Number: 17355-028
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127